# EXHIBIT A

## TO DEFENDANT MARRIOTT INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF MIDDLESEX SUPERIOR COURT CASE

*ANTHONY BUTLER v. THE SHERATON OKLAHOMA CITY DOWNTOWN HOTEL, THE SHERATON LLC, STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, MARRIOTT INTERNATIONAL, INC., LIFE FITNESS, INC. and BRUNSWICK CORPORATION,* CIVIL ACTION NO. 1781CV03189

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                  SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO.:

)
ANTHONY BUTLER                  )
                                )
        Plaintiff               )
                                )
v.                              )
                                )
THE SHERATON OKLAHOMA CITY      )
DOWNTOWN HOTEL, THE SHERATON    )
LLC, STARWOOD HOTELS & RESORTS  )
WORLDWIDE, LLC, MARRIOTT        )
INTERNATIONAL, INC.,            )
LIFE FITNESS, INC. and          )
BRUNSWICK CORPORATION           )
                                )
        Defendants              )
                                )

## COMPLAINT AND JURY TRIAL CLAIM

### INTRODUCTION

This action arises out of an incident wherein Plaintiff, Anthony Butler, was injured while using a certain piece of fitness equipment at the Sheraton Oklahoma City Downtown Hotel on or about November 3, 2015. As described more fully herein, the Sheraton Oklahoma City Downtown Hotel was at all relevant times owned and operated by Sheraton Hotels & Resorts Worldwide, Inc. which in turn is, or was, a wholly-owned subsidiary of Defendant Sheraton, LLC and/or Defendant, Starwood Hotels & Resorts Worldwide, LLC, f/k/a Starwood Hotels & Resorts Worldwide, Inc. and/or Defendant Marriott International, Inc. The fitness equipment was designed, manufactured, tested, sold and/or distributed by Life Fitness, Inc. and/or its parent, Brunswick Corporation. By this action, Plaintiff seeks compensation for personal injuries sustained as a result of the negligence and/or breach of warranties by the Defendants.

## PARTIES

1. The Plaintiff, Anthony Butler, is a resident of Massachusetts residing at 533 Lexington Road, Concord, Middlesex County, Massachusetts.

2. The Defendant, The Sheraton Oklahoma City Downtown Hotel, ("Defendant Sheraton Downtown Hotel") is an entity with a principal place of business at 1 North Broadway, Oklahoma City, Oklahoma.

3. The Defendant, The Sheraton LLC, ("Defendant Sheraton") is a Delaware corporation doing business in Massachusetts with a principal place of business at 10400 Fernwood Road, Bethesda, Maryland, and whose resident agent is CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts.

4. The Defendant, Starwood Hotels & Resorts Worldwide, LLC, f/k/a Starwood Hotels & Resorts Worldwide, Inc., ("Defendant Starwood") is a Maryland corporation, with a principal place of business at 10400 Fernwood Road, Bethesda, Maryland, doing business in Massachusetts and whose resident agent is Corporate Creations Network Inc., 225 Cedar Hill St., #200, Marlborough, Massachusetts.

5. The Defendant, Marriott International, Inc., ("Defendant Marriott") is a Delaware corporation doing business in Massachusetts with a principal place of business at 10400 Fernwood Road, Bethesda, Maryland and whose resident agent is Corporate Creations Network Inc., 225 Cedar Hill Street, #200, Marlborough, Massachusetts.

6. The Defendant, Life Fitness, Inc., ("Defendant Life Fitness") is an Illinois corporation doing business in Massachusetts with a principal place of business at 9525 Bryn Mawr Avenue, Rosemount, Illinois and whose resident agent is Dale A. Snyder, 19432 Kylemore Lane, Mokena, Illinois.

7. The Defendant, Brunswick Corporation, ("Defendant Brunswick") is a Delaware corporation doing business in Massachusetts with a principal place of business at 1 North Field Court, Lake Forest, Illinois and whose resident agent is CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts.

## FACTS

8. On and before November 3, 2015, Sheraton Hotels & Resorts Worldwide, Inc. operated a chain of hotels and resorts in the United States and internationally, including the Sheraton Oklahoma City Downtown Hotel at 1 North Broadway, Oklahoma City, Oklahoma (the "Property").

9. On and before November 3, 2015, Sheraton Hotels & Resorts Worldwide, Inc. operated as a subsidiary of Defendant Sheraton and/or Defendant Starwood.

10. On or about September 23, 2016, Defendant Marriott acquired Defendant Starwood and its subsidiary, Sheraton Hotels & Resorts Worldwide, Inc.

11. Defendant, Marriott is liable as successor for the acts of the Defendant Starwood and its subsidiary, Sheraton Hotels & Resorts Worldwide, Inc. complained of herein by virtue of its acquisition on or about September 23, 2016.

12. On and before November 3, 2015, the Property was owned and/or leased, managed, maintained, inspected, serviced, repaired and controlled by the Defendants, Sheraton Downtown Hotel, Sheraton, Starwood and/or Marriott.

13. On and before November 3, 2015, the Property contained a certain piece of fitness equipment that was owned, leased, managed, maintained, inspected, serviced, repaired and/or controlled by the Defendants, Sheraton Downtown Hotel, Sheraton, Starwood, and/or Marriott.

3

14. A true and accurate copy of a photograph of that piece of fitness equipment (the "equipment") is attached hereto as Exhibit A.

15. The equipment was designed by Defendant, Life Fitness and/or its parent, Brunswick.

16. The equipment was manufactured by Defendant, Life Fitness and/or its parent, Brunswick.

17. The equipment was tested by Defendant, Life Fitness and/or its parent, Brunswick.

18. The equipment was sold by Defendant, Life Fitness and/or its parent, Brunswick.

19. The equipment was distributed by Defendant, Life Fitness and/or its parent, Brunswick.

20. On and prior to November 3, 2015, the Defendant Life Fitness made an express warranty of merchantability relating to the equipment.

21. On and prior to November 3, 2015, the Defendant Brunswick made an express warranty of merchantability relating to the equipment.

22. On and prior to November 3, 2015, the Defendant Life Fitness made implied warranties relating to the equipment.

23. On and prior to November 3, 2015, the Defendant Brunswick made implied warranties relating to the equipment.

24. On and prior to November 3, 2015, the Defendant Life Fitness made warranties that the equipment would be fit for a particular purpose.

25. On and prior to November 3, 2015, the Defendant Brunswick made warranties that the equipment would be fit for a particular purpose.

26. On and before November 3, 2015, the equipment was unsafe, dangerous and defective.

27. On and before November 3, 2015, the Defendants knew and/or reasonably should have known of the unsafe, dangerous and defective condition of the equipment.

28. On and before November 3, 2015, the Defendants negligently failed to take sufficient and adequate steps to address and correct the unsafe, dangerous and defective condition of the equipment.

29. On and before November 3, 2015, the Defendants negligently failed to maintain and/or negligently maintained, failed to address or warn of and/or correct the unsafe, dangerous and defective condition of the equipment.

30. On November 3, 2015, the Plaintiff, Anthony Butler, was lawfully at the Property.

31. On November 3, 2015, the Plaintiff, Anthony Butler, was seriously injured at the Property as a result of being struck by an unsafe, dangerous, malfunctioning and/or defective part of the equipment.

## COUNT I
### Negligence - Sheraton Downtown Hotel

32. The Plaintiff, Anthony Butler, adopts and incorporates paragraphs one (1) through thirty-one (31) herein.

33. As a result of the negligence of the Defendant, Sheraton Downtown Hotel, the Plaintiff, Anthony Butler suffered serious physical injuries, has been and will continue to be disabled, has incurred medical and other expenses, and has suffered and will continue to suffer great pain of body and mind.

5

WHEREFORE, the Plaintiff, Anthony Butler demands judgment from the Defendant Sheraton Downtown Hotel for compensation in a fair amount for all past, present and future injuries, sufferings and losses recoverable by law as a result of the injuries to Anthony Butler plus attorneys' fees, costs and interest thereon.

## COUNT II
### Negligence - Sheraton

34. The Plaintiff, Anthony Butler, adopts and incorporates paragraphs one (1) through thirty-three (33) herein.

35. As a result of the negligence of the Defendant, Sheraton, the Plaintiff, Anthony Butler suffered serious physical injuries, has been and will continue to be disabled, has incurred medical and other expenses, and has suffered and will continue to suffer great pain of body and mind.

WHEREFORE, the Plaintiff, Anthony Butler demands judgment from the Defendant Sheraton for compensation in a fair amount for all past, present and future injuries, sufferings and losses recoverable by law as a result of the injuries to Anthony Butler plus attorneys' fees, costs and interest thereon.

## COUNT III
### Negligence – Starwood

36. The Plaintiff, Anthony Butler, adopts and incorporates paragraphs one (1) through thirty-five (35) herein.

37. As a result of the negligence of the Defendant, Starwood, the Plaintiff, Anthony Butler suffered serious physical injuries, has been and will continue to be disabled, has incurred medical and other expenses, and has suffered and will continue to suffer great pain of body and mind.

WHEREFORE, the Plaintiff, Anthony Butler demands judgment from the Defendant Starwood for compensation in a fair amount for all past, present and future injuries, sufferings and losses recoverable by law as a result of the injuries to Anthony Butler plus attorneys' fees, costs and interest thereon.

## COUNT IV
### Negligence - Marriott

38. The Plaintiff, Anthony Butler, adopts and incorporates paragraphs one (1) through thirty-seven (37) herein.

39. As a result of the negligence of the Defendant, Marriott, the Plaintiff, Anthony Butler suffered serious physical injuries, has been and will continue to be disabled, has incurred medical and other expenses, and has suffered and will continue to suffer great pain of body and mind.

WHEREFORE, the Plaintiff, Anthony Butler demands judgment from the Defendant Marriott for compensation in a fair amount for all past, present and future injuries, sufferings and losses recoverable by law as a result of the injuries to Anthony Butler plus attorneys' fees, costs and interest thereon.

## COUNT V
### Negligence – Life Fitness

40. The Plaintiff, Anthony Butler, adopts and incorporates paragraphs one (1) through thirty-nine (39) herein.

41. As a result of the negligence of the Defendant, Life Fitness, the Plaintiff, Anthony Butler suffered serious physical injuries, has been and will continue to be disabled, has incurred medical and other expenses, and has suffered and will continue to suffer great pain of body and mind.

WHEREFORE, the Plaintiff, Anthony Butler demands judgment from the Defendant Life Fitness for compensation in a fair amount for all past, present and future injuries, sufferings and losses recoverable by law as a result of the injuries to Anthony Butler plus attorneys' fees, costs and interest thereon.

### COUNT VI
#### Negligence – Brunswick

42. The Plaintiff, Anthony Butler, adopts and incorporates paragraphs one (1) through forty-one (41) herein.

43. As a result of the negligence of the Defendant, Brunswick, the Plaintiff, Anthony Butler suffered serious physical injuries, has been and will continue to be disabled, has incurred medical and other expenses, and has suffered and will continue to suffer great pain of body and mind.

WHEREFORE, the Plaintiff, Anthony Butler demands judgment from the Defendant Brunswick for compensation in a fair amount for all past, present and future injuries, sufferings and losses recoverable by law as a result of the injuries to Anthony Butler plus attorneys' fees, costs and interest thereon

### COUNT VII
#### Breaches of Warranty – Life Fitness

44. The Plaintiff, Anthony Butler, adopts and incorporates paragraphs one (1) through forty-three (43) herein.

45. On and prior to November 3, 2015, there was a breach of the warranties made by the Defendant, Life Fitness.

46. As a result of the breach of warranties by the Defendant, Life Fitness, the Plaintiff, Anthony Butler suffered serious physical injuries, has been and will continue to be disabled, has

incurred medical and other expenses, and has suffered and will continue to suffer great pain of body and mind.

WHEREFORE, the Plaintiff, Anthony Butler demands judgment on this count from the Defendant, Life Fitness, for compensation in a fair amount for all past, present and future injuries, sufferings and losses recoverable by law as a result of the injuries to Anthony Butler plus attorneys' fees, costs and interest thereon.

COUNT VIII

Breaches of Warranty – Brunswick

47. The Plaintiff, Anthony Butler, adopts and incorporates paragraphs one (1) through forty-six (46) herein.

48. On and prior to November 3, 2015, there was a breach of the warranties made by the Defendant, Brunswick.

49. As a result of the breach of warranties by the Defendant, Brunswick, the Plaintiff, Anthony Butler suffered serious physical injuries, has been and will continue to be disabled, has incurred medical and other expenses, and has suffered and will continue to suffer great pain of body and mind.

WHEREFORE, the Plaintiff, Anthony Butler demands judgment on this count from the Defendant, Brunswick, for compensation in a fair amount for all past, present and future injuries, sufferings and losses recoverable by law as a result of the injuries to Anthony Butler plus attorneys' fees, costs and interest thereon.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES AND ON ALL COUNTS.

ANTHONY BUTLER,
The Plaintiff,
By his attorneys,

*[signature]*

Ronald B. Davids, BBO# 115110
Rdavids@davids-cohen.com
Kelly Wallace Ianelli, BBO# 567984
Kianelli@davids-cohen.com
Davids & Cohen, P.C.
40 Washington Street, Suite 20
Wellesley, MA 02481
(781) 781-416-5055

Dated: October 31, 2017